IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  09-CR-0112-001-CVE |
| ) | |
| RAYMOND JUNIOR LANE, II, ) | USM Number: 14531-045 |
|  a/k/a Raymond Lane, Jr., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Motion to Correct or Reduce Sentence (Dkt. # 24).  On December 4, 2009, defendant was sentenced in the instant case to thirty months' imprisonment following his plea of guilty to a single-count indictment charging felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The imprisonment term was ordered to run concurrently with the defendant's undischarged terms of imprisonment in Northern District of Oklahoma Case No. 07-CR-0170-001-CVE,[1] a revocation sentence for conduct unrelated to the instant sentence.  Defendant moves for reduction or correction of his sentence in the instant case under either Fed. R. Crim. P. 35(a) – Correcting or Reducing a Sentence, or Fed. R. Crim. P. 36 – Clerical Error.

---

[1] Defendant was originally convicted in Western District of Missouri Case No. 01-05035-01-CR-SW-SOW, for attempted drug possession with intent to distribute, possession of firearm in relation to drug offense, and criminal forfeiture.  He was imprisoned for 60 months and one day and ordered to serve three years supervised release on each count.  Jurisdiction over the terms of supervised release was transferred to the Northern District of Oklahoma on October 26, 2007, and assigned Case No. 07-CR-0170-001-CVE.

On February 5, 2009, defendant was arrested on allegations that he violated conditions of supervised release in Case No. 07-CR-0170-001-CVE. When arrested, he was found in possession of a firearm, which led to his charge and conviction in the instant case. On March 4, 2009, defendant admitted to violating the terms of his supervised release in Case No. 07-CR-0170-001-CVE and was sentenced to two twelve month terms of imprisonment (one on each count), to run consecutively (hereinafter, the revocation sentence). Case No. 07-CR-0170-001-CVE, Dkt. # 55. On December 4, 2009, Defendant was sentenced in the instant case to a term of imprisonment of thirty months, to run concurrently with the undischarged term of the revocation sentence. Case No. 09-CR-112-001-CVE, Dkt. # 20.

When sentenced in December, defendant believed he would receive full credit for time spent in official detention awaiting sentencing on both cases (i.e., credit for jail time served since February 5, 2009). However, the Bureau of Prisons (BOP) computed his sentence in the instant case to commence on December 4, 2009, the date of imposition of sentence. Defendant requests that the Court reduce or correct his thirty-month sentence under either Rule 35(a) or Rule 36, by the amount of time served in official detention prior to sentencing, a period of approximately ten months. Defendant argues the Court need not apply a strict interpretation of the Rule 35 time period, and may reduce sentence as defendant did not become aware of the BOP's computation of jail credits until months after the imposition of sentence. He argues that the Court inadvertently misapplied the sentencing guidelines by failing to reduce the sentence by time served prior to sentencing for which he would not receive credit. He further argues that, because the Court is now alerted to this mistake, the Court would be justified in liberally constructing Fed. R. Crim. P. 35 to grant defendant's motion.

Rule 35 authorizes the district court to reduce or correct a sentence in certain limited situations. See Fed. R. Crim. P. 35; see also United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996) ("[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so"). Under rule 35(a), "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).[2] A district court does not have authority to modify a sentence beyond the fourteen-day time period. See United States v. Green, 405 F.3d 1180, 1186 (10th Cir. 2005) (holding that the district court lacked jurisdiction to resentence the defendant more than seven days after sentencing); Blackwell, 81 F.3d at 948 (determining that the predecessor to Rule 35(a) did not apply because the district court re-sentenced the defendant outside of the prescribed time limit); United States v. Townsend, 33 F.3d 1230, 1231 (10th Cir. 1994) (stating that the district court had jurisdiction to correct defendant's sentence for clerical or technical errors during the seven day period following sentencing only). The plain language of the rule – which states that "[w]ithin 14 days after sentencing, the court may correct a sentence" – makes clear that the period limits the time in which a court may impose a corrected sentence, not the time in which a party may make a motion for a corrected sentence. Fed. R. Crim. P. 35(a) (emphasis added). Accordingly, defendant's justification for delay in bringing his motion is immaterial. District courts do not have jurisdiction to modify a sentence under Rule 35(a) outside of the fourteen day time period. This Court lacks authority to consider a reduction of sentence pursuant to Rule 35(a) because more than fourteen days have elapsed since defendant was sentenced.

---

[2] The period of time in which a court could correct these "clear" errors was extended from seven days to fourteen days by amendments that took effect on December 1, 2009.

3

Rule 36 allows a court, at any time, to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Defendant has not alleged, and this Court has not found, any error in the judgment or any other record of this case. Modification of sentence under Rule 36 is not justified as there is no error in the record.

Further, even if authorized to modify the sentence as requested by defendant, the Court would not do so, because the sentence was correctly imposed and properly executed. Under 18 U.S.C. § 3585(a), a sentence is deemed to commence on the date the defendant is received in custody to begin service of his federal sentence. See Binford v. United States, 436 F.3d 1252, 1255 (10th Cir. 2006) ("[a] federal sentence does not commence until a prisoner is actually received into federal custody for that purpose"); BOP Program Statement 5880.28, ch. 1.3 ("[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed"); DeMartino v. Thompson, No. 96-6322, 1997 WL 362260, at *2 (10th Cir. July 1, 1997) (unpublished)[3] ("[l]ogically, a [federal sentence] cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served"). The BOP found defendant's sentence commenced on the earliest possible date, that being the date of imposition of sentence, because defendant was immediately remanded into custody.

Section 3585(b) provides:

Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

---

[3] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1: 10th Cir. R. 32.1.

4

>    (1) as a result of the offense for which the sentence was imposed; or
>
>    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). The last clause of § 3585(b) prohibits double sentencing credit. See United States v. Wilson, 503 U.S. 329, 337 (1992) ("[c]ongress made clear that a defendant could not receive a double credit for his detention time"). In this case, the time served prior to defendant's sentencing for the instant offense on December 4, 2009 was credited against his revocation sentence in Case No. 07- CR-0170-001-CVE. To also credit this time against his sentence for the instant offense would impermissibly afford him double credit. See O'Bryan v. Wiley, 261 Fed. App'x 117, 117 (10th Cir. 2008) (unpublished)[4] (affirming district court's determination that defendant was not entitled to time-served credit because the time he served in custody prior to a federal sentence was credited against previous federal sentences). Therefore, the BOP was statutorily precluded from granting him prior custody credit for that time toward the instant federal sentence.

Defendant's assertion that the Court "inadvertently misapplied the sentencing guidelines by failing to reduce the sentence by the amount of time already served prior to sentencing which would not be credited by the BOP" is incorrect. See Case No. 09-CR-0112-001-CVE, Dkt. # 24, at 4. Defendant is describing the workings of USSG §5G1.3(b), which reads if ". . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . and that was the basis for an increase in the offense level for the instant offense, . . . . the court shall adjust the sentence for any period of imprisonment already served on the

---

[4]   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1: 10th Cir. R. 32.1.

5

undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the [BOP] . . ." Defendant's conduct giving rise to his revocation sentence in Case No. 07-CR-170-001-CVE was not related to the conduct for which defendant was sentenced in the instant case. Defendant's supervised release was revoked for technical violations: positive urinalyses, failure to report, failure to complete treatment, and association with felons. This conduct was found by the Court to be unrelated to and ". . . separate and distinct from the conduct involved in the instant case." See Case No. 09-CR-0112-001-CVE, Statement of Reasons, at 3. Sentencing guideline §5G1.3(b) is not applicable. Section 5G1.3 was evaluated by the probation officer and discussed in the Presentence Report (see ¶ 43). The probation officer determined that §5G1.3(c) only was applicable to defendant's sentencing. This subsection refers to a district judge's statutory authority to run sentences concurrently or partially concurrently with, or consecutively to, an undischarged term of imprisonment. Defendant did not object to the omission of the applicability of §5G1.3(b) in the Presentence Report, nor did defendant argue at sentencing that facts support a sentence offset according to §5G1.3(b). See Case No. 09-CR-0112-001-CVE, Addendum to the Presentence Report, dated December 1, 2009. In the imposition of sentence, the Court noted on the record that it was fashioning a downward variance and sentence to run concurrently with the terms imposed in Case No. 07-CR-0170-001-CVE, based on the fact the revocation terms were ordered to run consecutively and that a 30-month imprisonment term was needed to accommodate treatment opportunities within the BOP. See Statement of Reasons, p. 4. This Court was aware of its sentencing authority, versed as to when a sentence commences, and fully contemplated how the revocation sentence would mesh with the instant sentence. The Court

did not inadvertently misapply the guidelines; rather, §5G1.3(b) was deliberately not applied because the facts did not justify consideration of this guideline provision.

Defendant is not eligible for reduction of sentence based on the arguments and authorities presented. Further, this Court does not have authority at this time to examine the BOP's calculation of jail credits. It is settled law that "[a] district court has no authority to compute or award sentencing credit at sentencing; rather, it is the Attorney General, through the BOP, which has the power to grant sentencing credit in the first instance." United States v. Mata, 145 Fed. App'x 276, 280, 280 (10th Cir. 2005) (unpublished)[5] (citing United States v. Wilson, 503 U.S. 329, 334 (1992)); United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir.1994); see also United States v. Brown, 212 Fed. App'x 747, 745 (10th Cir. 2007) (unpublished)[6] ("a sentencing court is without jurisdiction to award credit under § 3585(b) for time served in prior custody at sentencing"). After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a) ("[a] person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the [BOP] until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under 18 U.S.C. § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. Crediting jail time against federal sentences has long

---

[5]   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1: 10th Cir. R. 32.1.

[6]   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1: 10th Cir. R. 32.1.

operated in this manner. A defendant must raise his issue of credit under 18 U.S.C. § 3585(b) first with the BOP and, if unsatisfied, then seek judicial review pursuant to 28 U.S.C. § 2241. See Buchanan v. United States Bureau of Prisons, 133 Fed. App'x 465, 467 (10th Cir. 2005) (unpublished)[7] (holding that petitioner must exhaust the available administrative remedies prior to pursuing relief under § 2241).

If defendant believes he has been improperly denied jail credits, the BOP has established a grievance procedure for inmates with complaints relative to any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-542.19. The inmate must first attempt to resolve his complaint informally with his prison counselor. 28 C.F.R. § 542.13. If unable to reach an informal resolution, the inmate may then direct his complaint to the warden through a written administrative remedy request, using Form BP-9. Id. §§ 542.13, 542.14. After the warden's response, if still unsatisfied, the prisoner may submit an appeal to the Regional Director, using Form BP-10. Id. § 542.15(a). Finally, the inmate may file a final administrative appeal to the Office of the General Counsel in Washington, D.C., using Form BP-11. Id. § 542.15(b)(2). This Court has no authority to compute or award sentencing credit at sentencing, or to later order application of jail credits toward a sentence.

**IT IS THEREFORE ORDERED** that defendant's Motion to Correct or Reduce Sentence (Dkt. # 24) is **denied in part** and **dismissed for lack of jurisdiction in part**: it is denied as to relief under Fed. R. Crim. P. 36; it is dismissed for lack of jurisdiction as to relief under Fed. R. Crim. P. 35(a).

**IT IS SO ORDERED** this 11th day of May, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[7] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1: 10th Cir. R. 32.1.